# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                      Case No. 3:20-CR-30120-NJR-1

JUSTIN L. GARNER,

               Defendant.

## <u>ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 69) and a Motion for Copies (Doc. 70) filed *pro se* by Defendant Justin L. Garner. Garner asks whether he is eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."), as well as for free copies of various documents in the record.

Under Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives one status point. A defendant who has six or less criminal history points and who committed the offense of conviction while under any criminal justice sentence receives no status points. *See* U.S.S.G. § 1B1.10(e)(2). Under Part B of Amendment 821, offenders with zero criminal history points and whose offense did not involve specified

aggregating factors shall receive a two-level decrease in their offense level. U.S.S.G. § 4C1.1.

Here, Garner was assessed a total criminal history score of 20, making him ineligible for a reduction under Part B of Amendment 821. (*See* Doc. 54 at p. 12). With regard to Part A of Amendment 821, it is true that Garner received two status points for committing the instant offense while serving a term of parole. (*Id.*). With a criminal history score of 20, Garner fell within Criminal History Category VI. (*Id.*). Under the revised U.S.S.G. § 4A1.1(e), Garner would now be assessed only one status point, for a total criminal history score of 19. Under the Sentencing Guidelines, however, a criminal history score of 19 still results in a Criminal History Category of VI. Therefore, even with the removal of one status point, Garner's guidelines range would remain the same. As a result, Garner is not entitled to a sentence reduction, and his motion pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

Garner additionally asks the Court for a free copy of his Indictment, Statement of Reasons, plea agreement, and sentencing hearing transcripts. (Doc. 70). As the Court has previously explained to Garner, criminal defendants have no constitutional right to a complimentary copy of any document in their court file. *See United States v. Beckham*, 07-CR-40062-JPG, 2009 WL 1884496, at *1 (S.D. Ill. June 30, 2009). Before providing copies free of charge, an inmate must demonstrate: (1) that he has exhausted all means of access to his files (*i.e.*, through his trial counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are

necessary for the preparation of some specific, non-frivolous court action. Because Garner

has provided none of the required information, his motion for copies free of charge is

**DENIED without prejudice**.

To the extent Garner wishes to pay for the documents, he may request copies from

the Clerk of Court at $0.50 per page, which must be paid in advance. Should Garner wish

to order a copy of his Indictment (2 pages) and plea agreement (15 pages), the fee would

be $8.50. The Statement of Reasons, however, is a sealed document that contains highly

confidential and sensitive information and can only be obtained through counsel or by

viewing it at Garner's correctional institution with a case manager. Finally, while Garner

seeks a copy of his sentencing hearing transcript, no transcripts have been prepared in

this case. A transcript may be prepared at the Government's expense only if a defendant

shows he is indigent and the transcript is needed to decide an issue presented by a

pending and non-frivolous action. *See* 28 U.S.C. § 753(f). Again, because Garner has not

provided this information, his motion is **DENIED without prejudice**.

IT IS SO ORDERED.

DATED:   April 28, 2025

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**