IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JUSTIN L. GARNER,**<br><br>**Defendant.** | **Case No. 3:20-CR-30120-NJR-1** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant Justin L. Garner's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and United States Sentencing Guidelines ("U.S.S.G.") §§ 1B1.13 and 5H1.1. (Doc. 73). For the reasons set forth below, the motion is denied.

## Background

On July 12, 2022, Garner pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). (Doc. 50). On October 26, 2022, this Court sentenced him to a term of 110 months' imprisonment. (Doc. 58).

In his motion for compassionate release, Garner argues that the Sentencing Commission's 2024 "youthful individuals" amendment to U.S.S.G. § 5H1.1 ("Amendment 829") creates an extraordinary and compelling reason that warrants a reduction in his sentence. Specifically, Garner suggests that the crimes he committed from age 18 to 25, for which he received 20 criminal history points, should no longer be

considered. And without those criminal history points, Garner argues, he would have received a much shorter sentence. As a result, Garner asks that he be immediately released or re-sentenced.

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed." *See Dillon v. United States*, 560 U.S. 817, 824 (2010). There are narrow exceptions to this rule. *See* § 3582(c). Section 3582(c)(1)(A) permits a court "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights," to reduce an inmate's sentence "after considering the factors set forth in [18 U.S.C.] § 3553(a)," if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). Further, § 3582(c)(2) allows a court to reduce the sentence of an inmate whose has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. The court must again consider the § 3553(a) factors and any applicable policy statements issued by the Sentencing Commission.

## DISCUSSION

As an initial matter, the Court notes that Garner has made no attempt to demonstrate that he exhausted his administrative remedies within the Bureau of Prisons before filing his motion. Only after a defendant has satisfied the administrative exhaustion requirement may the Court consider whether extraordinary and compelling

reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). Thus, on this basis alone, Garner's motion should be denied.

Garner's motion also falters for a second reason. In 2024, the Sentencing Commission implemented Amendment 829 to provide additional guidance for courts making *prospective* sentencing decisions involving youthful offenders. Specifically, Amendment 829 broadened courts' ability to consider age, including youthfulness, as a basis for a downward departure at sentencing. It explicitly stated that "a downward departure may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses" and discussed contemporary research on adolescent development and the "age-crime curve." § 5H1.1 (Nov. 2024). Amendment 829 took effect November 1, 2024.

Shortly after Garner filed his motion, the Sentencing Commission deleted U.S.S.G. § 5H1.1. *See* U.S.S.G. App. C, amend. 836 (Nov. 2025); *see also United States v. Smith*, 177 F.4th 1166, 1169 (11th Cir. 2026) (noting that Amendment 836 deleted Amendment 829). Moreover, Amendment 829 was never made retroactive and, thus, cannot serve as an extraordinary and compelling reason for compassionate release. *See Rutherford v. United States*, 608 U.S. 454, 146 S.Ct. 1320, 1330-31 (2026) (non-retroactive changes in sentencing laws are not grounds for compassionate release); *United States v. Black*, 131 F.4th 542, 547–48 (7th Cir. 2025).

Even if the Court could consider a non-retroactive change in the law as an extraordinary and compelling reason for compassionate release, Garner's youthfulness at the time of the offense is not "especially unusual and convincing." *Rutherford*, 146 S. Ct.

at 1330 (finding that the term "extraordinary" means "most unusual," "far from common," or "having little or no precedent," while "compelling" means "tending to convince or convert by or as if by forcefulness of evidence"). In fact, Garner was not even particularly young. Garner was 26 years old when he committed the instant offense and, by that time, had already amassed a criminal history score of 20. (Doc. 54).

Because Garner has not demonstrated exhaustion of his administrative remedies or an extraordinary and compelling reason for compassionate release, the Court need not consider the § 3553(a) factors.

## CONCLUSION

For these reasons, the Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Justin L. Garner (Doc. 73) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 7, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**